[Cite as *Filip v. Wakefield Run Master Homeowners' Assn., Inc.*, 2018-Ohio-1171.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JEFF FILIP

     Appellee

     v.

WAKEFIELD RUN MASTER
HOMEOWNERS' ASSOCIATION, INC.

     Appellant

C.A. No.     17CA0025-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     13CIV0661

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

CALLAHAN, Judge.

**{¶1}** Appellant, Wakefield Run Master Homeowners' Association, Inc. ("Wakefield Run"), appeals the judgment of the Medina County Common Pleas Court in favor of Appellee, Jeff Filip. For the reasons set forth below, this Court dismisses the appeal.

I.

**{¶2}** This case arises from an adverse possession action filed by Mr. Filip to quiet title of a 0.1798 acre strip of land ("Adverse Parcel"). This is the third appeal of this matter following the bench trial.

**{¶3}** The first appeal was dismissed for lack of a final, appealable order because the trial court had not fully resolved the adverse possession claim. *See Filip v. Wakefield Run Master Homeowners' Assn., Inc.*, 9th Dist. Medina No. 14CA0054-M (Aug. 18, 2014) ("*Filip I*"). Specifically, the trial court was waiting for the proper legal description to use in the entry transferring the adverse parcel. *Id.*

{¶4} The second appeal outlined the parties' claims and the procedural history as follows:

In 1985, [Mr.] Filip[] purchased a home located at 24 West Boston Road in Medina County. Mr. Filip, his wife, and his parents originally owned the home. Mr. Filip and his wife subsequently refinanced, and his parents' interest was removed. Years later, Mr. Filip and his wife divorced, leaving Mr. Filip as the sole title owner of the home.

In 2013, Mr. Filip filed a complaint against Wakefield Run * * *, seeking to quiet title on an approximately 0.1798 acre piece of land located southwest of his property, which Wakefield Run owned. Mr. Filip asserted that he acquired ownership of the land through adverse possession or, in the alternative, by prescriptive easement. His complaint also sought injunctive relief to prevent Wakefield Run from interfering with his use of the land. Wakefield Run filed counterclaims for trespass and unlawful tree cutting, which it later dismissed.

The case proceeded to a bench trial. At trial, Mr. Filip presented testimony from friends, family members, and neighbors who testified regarding his use of the disputed land over the years, which included maintaining a garden, mowing the grass, planting and removing trees, installing a culvert pipe, playing sports, and burying family pets. In summary, Mr. Filip argued that his use of the disputed land was exclusive, open, notorious, continuous, and adverse for more than twenty-one years.

Wakefield Run argued that Mr. Filip's use of the disputed land was inconsistent over the years and, therefore, he could not satisfy the requirements for adverse possession. Wakefield Run further argued that surveys were conducted in 1990, 1996, and 1999, which interrupted the 21-year statutory period and evidenced Wakefield Run's intent to reclaim the disputed land as the true owner.

The trial court granted Mr. Filip's claims for adverse possession and injunctive relief, and dismissed his alternative claim for a prescriptive easement. The trial court then ordered Mr. Filip to submit a proposed legal description of the disputed land. After two additional hearings, the trial court entered its supplemental final judgment entry, which included a legal description of the disputed land.

*Filip v. Wakefield Run Master Homeowners' Assn., Inc.*, 9th Dist. Medina No. 15CA0050-M, 2017-Ohio-1179, ¶ 2-6 ("*Filip II*"). In *Filip II*, the case was reversed and remanded because the trial court used the wrong burden of proof in rendering its decision on Mr. Filip's adverse possession claim. *Id*. at ¶ 7-9.

{¶5} Upon remand, the trial court issued an Amended Supplemental, Final Judgment Entry which replaced the phrase "preponderance of the evidence" with the phrase "clear and convincing evidence" on page 7 of the judgment entry. Wakefield Run timely appeals the Amended Supplemental, Final Judgment Entry, raising two assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR NO. 1

[MR.] FILIP FAILED TO ESTABLISH BY CLEAR AND CONVINCING [EVIDENCE] THAT HIS USE OF THE DISPUTED LAND WAS OPEN, NOTORIOUS, CONTINUOUS[,] AND ADVERSE FOR A PERIOD OF TWENTY-ONE YEARS AND THEREFORE WAKEFIELD RUN'S MOTION FOR DIRECTED VERDICT SHOULD HAVE BEEN [GRANTED].

## ASSIGNMENT OF ERROR NO. 2

THE [TRIAL] COURT'S FINDING THAT [MR.] FILIP HAD MET THE REQUISITE CLEAR AND CONVINCING STANDARD OF PROOF FOR ALL ELEMENTS REQUIRED TO OBTAIN REAL PROPERTY BY ADVERSE POSSESSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} Wakefield Run argues that the trial court erred in denying its motion for directed verdict and the adverse possession judgment was against the manifest weight of the evidence. As a preliminary matter, this Court must determine whether the appeal is properly before it or whether the judgment entered by the trial court has been satisfied, thereby rendering this appeal moot.

{¶7} As a general rule, courts will not resolve issues that are moot. *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. "'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not * * * to

declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* at 238, quoting *Mills v. Green,* 159 U.S. 651, 653 (1895).

{¶8} When a judgment is satisfied, the appeal of that judgment becomes moot. *Spencer v. Kiowa Dev. Co.*, 9th Dist. Summit Nos. 19524, 19532, 2000 Ohio App. LEXIS 2, *2 (Jan. 5, 2000), quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal[.]" (Internal quotation marks and citations omitted.) *Blodgett* at 245. A judgment is voluntarily satisfied when the appellant neglects to seek a stay of that judgment pending appeal. *Wizards of Plastic Recycling, LLC v. R & M Plastic Recycling, LLC,* 9th Dist. Summit No. 25951, 2012-Ohio-3672, ¶ 8.

{¶9} In his brief, Mr. Filip argued this appeal is moot because the judgment has been satisfied. The judgment in this case is as follows: "Title to the [A]dverse [P]arcel is quieted in favor of [Mr.] Filip, who is the owner of the [A]dverse [P]arcel in fee simple. [Mr. Filip] is granted leave to cause this final judgment entry to be recorded with the Medina County Recorder." In accordance with the trial court's judgment entry, the Adverse Parcel was legally transferred into Mr. Filip's name and recorded with the Medina County Recorder on April 12, 2017, prior to this appeal being filed. Wakefield Run did not respond to Mr. Filip's mootness argument. Further, the record reflects Wakefield Run did not seek a stay of execution of the judgment nor post bond in regard to any potential stay.

**{¶10}** Upon review, this Court finds that the issues raised in Wakefield Run's assignments of error have been rendered moot by the satisfaction of the judgment and thus this Court is compelled to dismiss this appeal.

III.

**{¶11}** The appeal is moot and, therefore, dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
DISSENTS.

APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellant.

DAVID LENEGHAN, Attorney at Law, for Appellee.