[Cite as *Erzurum v. Erzurum*, 2021-Ohio-2014.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

HALIL ERZURUM ET AL.,

Plaintiffs-Appellees,

v.

SERHAT ERZURUM,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0012**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Mark Koberna,* and *Atty. Sean Koran,* Sonkin and Koberna, LLC, 3401 Enterprise Parkway, Suite 400, Cleveland, Ohio 44112, for Plaintiffs-Appellees and

Atty. *Jeff Kurz,* 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: June 11, 2021

**PER CURIAM.**

{¶1}   On April 9, 2021, Plaintiffs-Appellees, Halil and Sevim Erzurum filed a timely application for reconsideration of their motion to dismiss, which was filed on February 20, 2020.  Defendant-Appellant Serhat Erzurum filed his opposition brief to the application for reconsideration on April 19, 2021.  For the following reasons, Appellees' application for reconsideration is overruled.

{¶2}   A certified copy of the trial court's January 23, 2020 judgment entry, which set aside two deeds transferring real property (multiple apartment complexes) from Appellees to Appellant (Appellees' son) was filed in the recorders' office after Appellant's motion for stay of execution of judgment was denied by the trial court. At the time the judgment entry was recorded, no supersedeas bond had been posted by Appellant. Appellees asserted in their motion to dismiss that the recordation of the judgment entry, coupled with Appellant's failure to post a supersedeas bond, constituted a voluntary satisfaction of judgment that foreclosed this appeal.

{¶3}   In an opinion and judgment entry on the merits issued on March 31, 2021, we reversed the jury verdict, vacated the judgment entry of trial court setting aside the deeds, and remanded the matter for a new trial.  *Erzurum v. Erzurum*, 7th Dist. Mahoning No. 20MA0012, 2021-Ohio-1162.  Although we did not specifically address the arguments advanced in Appellees' motion to dismiss, our resolution of the merits implicitly overruled their motion to dismiss.  In their application for reconsideration, Appellees ask us to "reconsider [the March 31, 2021 opinion and judgment entry] in light of the arguments raised in the motion to dismiss and related briefing."

{¶4}   A motion for reconsideration must be filed within ten days of the judgment. App.R. 26(A)(1)(a).  App.R. 26, which provides for the filing of an application for reconsideration, includes no guidelines to be used in the determination of whether a decision should be reconsidered and changed. *Hartline v. Atkinson*, 7th Dist. Monroe No. 20 MO 0006, 2021-Ohio-575, ¶ 3.  The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us

Case No. 20 MA 0012

when it should have been. *Id.* App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Smith v. Collectors Triangle, Ltd.,* 7th Dist. Harrison No. 19 HA 0010, 2020-Ohio-6965, ¶ 2.

{¶5} The jury trial in this matter commenced on December 3, 2019 and concluded on December 11, 2019, with the jury returning verdicts in favor of Appellees. Specifically, the jury found that an August 13, 2018 deed transferring fifty percent ownership of the apartments complexes from Appellees to Appellant was procured through undue influence, and a January 18, 2019 deed, which transferred the remaining fifty percent interest to Appellant, was procured through undue influence and duress.

{¶6} On December 16, 2019, Appellant filed a motion to stay enforcement of judgment pursuant to Civ.R. 62(A) and (B). At the hearing on the motion conducted on January 23, 2020, Appellant argued that a supersedeas bond was not required because the lis pendens statute adequately protected Appellees' interest in the apartment complexes.

{¶7} According to a proposed judgment entry submitted by the parties, in the event that the trial court granted the motion, Appellant agreed to manage the apartments in good faith during the pendency of the appeal, in exchange for a management fee of five percent of the total monthly revenues. During the requested stay, the property would be fully insured with all parties to the lawsuit named as insureds. Finally, all revenue, after the deduction of expenses, would be held in escrow for payment to the prevailing party, and Appellees would have the authority to review expenses and other business records upon request.

{¶8} The trial court summarily overruled the motion. Despite the fact that Ohio appellants have a right to a stay of execution of judgment, predicated solely upon the posting of an adequate supersedeas bond, the trial court did not set a value for the bond. That same day, the trial court issued the judgment entry setting aside the August 13, 2018 and January 18, 2019 deeds.

{¶9} It is a well-established principle of law that voluntary satisfaction of a judgment renders an appeal from that judgment moot. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); see also *McCulloch v. Janney Montgomery Scott*

*L.L.C.*, 7th Dist. Columbiana No. 13 CO 40, 2014-Ohio-4002, ¶ 12 (partial satisfaction of judgment does not moot appeal).  As the Ohio Supreme Court explained in *Blodgett*:

> Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.

*Blodgett* at 245, 551 N.E.2d 1249, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶10}  In the motion to dismiss, Appellees cited two Ohio appellate court cases for the proposition that "where ownership rights relating to real or other property is [sic] the subject of an appeal, and those ownership or other rights have already been transferred prior to an appeal or entry of stay, the entire appeal is moot." (2/20/2020 Mot. at p. 5.)  In *Royal Fleet Auto Sales, L.L.C. v. Chambers*, 8th Dist. Cuyahoga No. 107769, 2019-Ohio-2236, Royal Fleet sought an order quieting title to certain real property.  Royal Fleet prevailed and obtained the order quieting title on September 7, 2018. *Id.* at ¶ 10-11.  With no stay of execution of judgment in place, as no motion for stay was filed by Chambers, Royal Fleet recorded a certified copy of the judgment entry in the county recorder's office on September 19, 2018. *Id.* at ¶ 13. Chambers filed an appeal on October 5, 2018, which was dismissed by the appellate court because the appeal was "rendered moot by Royal Fleet's satisfaction of the judgment – filing the amended judgment entry in the recorder's office and effectively quieting title against Chambers." *Id.* at ¶ 21.

{¶11}  In so holding, the Eighth District adopted the reasoning of the Ninth District in *Filip v. Wakefield Run Master Homeowners' Assn.*, 9th Dist. Medina No. 17CA0025-M, 2018-Ohio-1171.  In that case, the plaintiff filed a quiet title action based on adverse possession.  The trial court issued a judgment entry, which transferred title to the property to Filip, and he recorded the judgment entry in the recorder's office, prior to the appeal being filed. *Id.* at ¶ 9. The Ninth District dismissed the appeal as moot because no motion

Case No. 20 MA 0012

for stay had been filed and the judgment had been satisfied by the recording of the judgment entry. The Ninth District cited its previous opinion in *Wizards of Plastic Recycling, LLC v. R & M Plastic Recycling, LLC*, 9th Dist. Summit No. 25951, 2012-Ohio-3672, for the rule of law that a judgment is voluntarily satisfied when the appellant neglects to seek a stay of that judgment pending appeal. *Filip* at ¶ 8, citing *Wizards* at ¶ 8.

**{¶12}** Where a motion for stay of execution of judgment is overruled, the Ohio Supreme Court has opined that an appellant is entitled to a stay of a judgment as a matter of right pursuant to Civ R. 62(B). The lone requirement to secure a stay is "the giving of an adequate supersedeas bond." *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 571, 722 N.E.2d 73, 75 (2000); *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490, 377 N.E.2d 792 (1978).

**{¶13}** Appellant argued that the foregoing cases were distinguishable from the above-captioned case, because Appellant, unlike Chambers and the homeowners' association, filed a motion for stay of execution of judgment in the trial court. Appellees countered that Appellant's failure to obtain an order of the trial court staying execution of judgment did not foreclose his ability to file a supersedeas bond. Appellant responded that variables at issue in calculating an adequate supersedeas bond in this case obligated the trial court to set a value. Appellees replied that the value of the apartment complexes was readily ascertainable from the trial transcripts.

**{¶14}** A stay of execution of the January 23, 2020 judgment entry would have allowed Appellant to continue his ownership of the apartment complexes throughout the pendency of this appeal. As a consequence, the value of the apartment complexes would be one factor in calculating an adequate supersedeas bond. However, due to the fact that this appeal involves income-producing property, security for the value of the net profits would also have to be included in the calculus. Any projection of net profits would require an estimate of the monthly profits, as well as an estimate of the number of months necessary to resolve the appeal. In addition, Appellant would likely argue that a monthly fee for his management of the properties should be deducted as an expense from the bond amount.

**{¶15}** Insofar as Appellant had a right to stay execution of the judgment in this case, and that right was predicated upon an obligation to post a bond to provide adequate

security to Appellees during the pendency of this appeal, we concluded that the trial court's failure to set a bond value foreclosed Appellant's ability to post an adequate supersedeas bond. Although the record reflects that Appellant argued that no bond was required, we found that the trial court should have set a value based on Appellant's right to a stay of execution and the many variables underlying the calculation of an adequate supersedeas bond in this case. As a consequence, we concluded that the recordation of the January 23, 2020 judgment entry, coupled with Appellant's failure to post a bond, did not constitute a *voluntary* satisfaction of the judgment by Appellant.

{¶16} Accordingly, we find no obvious error of fact or law regarding our resolution of the motion to dismiss, and Appellees' application for reconsideration is overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 20 MA 0012