[Cite as *Crowe v. Tillimon*, 2024-Ohio-6053.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Joseph Crowe, et al.                          Court of Appeals No.  L-24-1117

    Appellees                              Trial Court No.  CI0202204690

v.

Duane J. Tillimon                            **DECISION AND JUDGMENT**

    Appellant                              Decided: December 27, 2024

* * * * *

Thomas Gronsky, for appellees.

Duane J. Tillimon, Pro se.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Duane Tillimon, pro se,

from the April 19, 2024 judgment[1] of the Lucas County Court of Common Pleas which

granted appellees, Joseph and Linda Crowe's request for specific performance of a land

---

[1]  We note that his notice of appeal refers to a decision journalized on March 21, 2024, and a second notice of appeal attached to the first references a decision journalized on March 19, 2024, however the decision attached to these notices is the decision journalized on April 19, 2024, and his brief states that it is the April 19, 2024 decision that he is appealing.  Moreover, a review of the judgments journalized on those March dates show they are not relevant to this appeal.

installment contract. The Crowes have filed a motion to dismiss this appeal on the grounds of mootness, arguing that the judgment has been satisfied. Tillimon has filed a motion to strike the Crowes' motion, as well as an opposition to the motion.

**Background**

{¶ 2} On September 1, 2017, Tillimon and the Crowes entered into a Land Installment Contract for the purchase of property owned by Tillimon at 3802 House of Stuart Avenue, Toledo, Lucas County, Ohio for the total sum of $39,900. Upon execution of the contract, $4,900 was paid and the remaining $35,000 was to be paid in monthly installments until the balance and interest were paid in full. Linda Crowe signed the contract as "buyer," and Joseph signed his name as "guarantor." Pursuant to the contract, Tillimon warranted that the premises were free and unencumbered.

{¶ 3} The Crowes attempted to complete the purchase of the property on two occasions, in January 2019 and in April 2022. During the attempted purchase in 2022, Tillimon calculated the payoff of the loan to be $34,643.46 as of May 10, 2022.

{¶ 4} Tillimon contends that he told Joseph he could not sell the house to him until he received written permission from Linda, since only she was the buyer under the agreement, and that he never received such permission. However, there is also a letter in the record from Tillimon requesting that the title company prepare a survivorship deed in the names of both Linda and Joseph.

{¶ 5} Both in 2019 and 2022, the Crowes were unable to purchase the property due to liens on the property. One such lien was a tax lien in favor of the State of Ohio

2.

Department of Taxation ("State"). After the second purchase attempt failed, the Crowes stopped paying on the contract in June 2022. In response, Tillimon filed a complaint in Toledo Municipal Court against the Crowes for forcible entry and detainer and money damages due to the default in monthly payments. The forcible entry and detainer action was dismissed for lack of notice and the claim for money damages remained.

{¶ 6} On December 21, 2022, the Crowes filed a complaint against Tillimon in the Lucas County Common Pleas Court in the underlying case number for breach of contract, unjust enrichment, fraud, and breach of the covenant of good faith relating to the land installment contract. The complaint also included interpleader actions against, inter alia, the State requesting that the State interplead and set up any claim it may have. The State responded by filing an answer in which it admitted that it had an interest in the property by virtue of a certificate of judgment. Tillimon's municipal court case for damages was then transferred to the common pleas court and consolidated with the Crowes' case.

{¶ 7} On March 24, 2023, Tillimon filed an answer to the Crowes' complaint, as well as a counterclaim against Joseph Crowe (alleging that Joseph's claims against Tillimon were frivolous as Joseph did not sign the land installment contract as a buyer, but rather as a guarantor), a counterclaim against Linda Crowe (requesting that the land installment be cancelled as she defaulted on her payments under the contract), and a "cross claim" against the Crowes' attorney, Joshua Nolan (alleging that he violated Civ.R. 11 by signing a document captioned "Proof of Service" when he did not properly serve Tillimon with a copy of the Crowes' complaint and by filing a frivolous lawsuit).

3.

Tillimon later filed a motion for default judgment relating to his claim against Nolan, which the trial court denied in a judgment journalized on June 24, 2023.

{¶ 8} The matter was tried to the bench on March 20, 2024, and both Crowes, Tillimon, and an agent from Area Title Agency testified.

{¶ 9} On April 10, 2020, a consent judgment entry, consented to by Nolan, on behalf of the Crowes, and the State, was journalized. In this entry, the State agreed to a partial lien release, releasing the property from its lien, upon receipt of $34,674.46.

{¶ 10} On April 19, 2024, a decision and judgment entry was journalized which found that the Crowes and Tillimon entered into a land installment contract, that pursuant to that contract, Tillimon was obligated to sell the property to the Crowes "free and clear of an encumbrance," and that Tillimon had failed to do that, and thereby breached the contract. The court then ordered that the Crowes deposit $34,436.46 with the clerk of court, that the clerk of court pay the State the deposited amount in satisfaction of the lien on the property, that Tillimon's interest in the property be extinguished, and that the Crowes receive title to the property.[2] The order also denied all other claims and motions.

{¶ 11} Tillimon appealed the April 19, 2024 decision to this court. Tillimon also filed an application with the trial court requesting a stay of judgment pending appeal. In response, the court ordered the execution of the judgment stayed "upon the posting by [Tillimon] of a supersedeas bond in the amount of $35,000" by June 17, 2024. Tillimon

---

[2]  Additionally, there was a second lien on the property that the court extinguished.

4.

did not post a bond, and on June 18, 2024, the Crowes deposited $34,436.46 with the court and filed a Satisfaction of Judgment with the court.

{¶ 12} Tillimon filed his appellate brief on June 6, 2024, and on July 3, 2024, the Crowes filed a motion to dismiss the appeal on the basis that the appeal is moot, as well as a motion for an extension of time to file a brief pending a decision by this court on their motion to dismiss. Tillimon responded with a combined motion to strike the Crowes' motions/opposition to the motions, as well as a supplement to his motion to strike and opposition.

{¶ 13} We granted the Crowes' motion for an extension.[3]

{¶ 14} Neither Nolan, on his own behalf, nor the State, filed any document on appeal.

**Assignments of Error**

ASSIGNMENT OF ERROR NO. 1

The Trial Court committed reversable [sic] error, and abused its discretion, when it failed to declare the Land Installment Contract to be null and void because there was no "meeting of the minds" between the parties regarding the terms, conditions and obligations of the contract because [the Crowes] were given advice by their attorney that was in direct conflict with Ohio Law.

---

[3] As we have granted the Crowes' motion for an extension, we do not consider Tillimon's arguments pertaining to the extension here.

5.

ASSIGNMENT OF ERROR NO. 2

The Trial Court committed reversable [sic] error, and abused its discretion, when it failed to declare the Modified Land Installment Contract to be null and void because the [Crowes'] argument that the "written" contact was modified by an "oral" agreement to the contract made only between the Vendee Linda Crowe and the Guarantor Joseph Crowe was valid and did not also need to be agreed to by the Vendor Duane Tillimon named on the contract, was not supported by Ohio Law.

ASSIGNMENT OF ERROR NO. 3

The Trial Court committed reversable [sic] error, and abused its discretion, when it failed to award the Vendor Duane Tillimon a judgment for compensation for the period of time between when the Vendee Linda Crowe and Guarantor Joseph Crowe stopped making the monthly payment … and the time of the final decision, a period of some twenty-five months, or $13,750.00.

ASSIGNMENT OF ERROR NO. 4

The Trial Court committed reversable [sic] error, and abused its' [sic] discretion, by striking Vendor Tillimon's Crossclaim, aka Third Party Complaint, against attorney Joshua J. Nolan for a failure of proper service by the Clerk of Court because the decision was against the manifest weight of the evidence before the Court.

ASSIGNMENT OF ERROR NO. 5

The Trial Court committed reversable [sic] error, and abused its' [sic] discretion, when it decided that the Defendant State of Ohio was owed $34,436.46 by Tillimon because the decision was against the manifest weight of the [sic], there being no testimony at trial by anyone regarding any money owe to the State of Ohio by Defendant Tillimon.

ASSIGNMENT OF ERROR NO. 6

The Trial Court committed reversable [sic] error, and abused its' [sic] discretion, when it denied Defendant Tillimon the ability to use the speaking device provided to him by the Court Administrator under the Americans with Disabilities Act that would have allowed Tillimon to testify more clearly and consisely [sic] when both prosecuting his complaint in his case Toledo Municipal Court Case CVG-22-10755 and defending himself in Lucas County Common Pleas Court Case CI-22-4690.

**Analysis**

*Motion to Dismiss*

{¶ 15} The Crowes contend that Tillimon's appeal is moot as they satisfied the judgment and Tillimon did not post a supersedeas bond nor obtain a stay of execution. They point to the fact that they recorded the judgment, transferred the title, submitted payment to the clerk, as required by the judgment, and filed a Notice of Satisfaction of Judgment.

7.

{¶ 16} Tillimon disputes the Crowes' contention that his appeal is moot. He disagrees that the Crowes proved that the judgment was satisfied, he makes substantive arguments regarding alleged errors in the appealed judgment, he insists that the payment was not voluntary as he did not owe the State or agree to pay the State, and he argues that all that was necessary was that he seek a stay – which he did. He also maintains that the trial court "lost its jurisdiction over the issue of the transfer of the property because the transfer was a fundamental issue of the Appeal." Attached to his opposition/motion to strike are printouts that he represented are "online published records from the Lucas County Auditor and the Lucas County Recorder." These include property information from the auditor's office which lists Joseph Crowe as the owner of the property, and a certified copy of the notice of satisfaction of judgment. He requests that the Crowes' motion be denied and/or stricken from the record.

{¶ 17} We first note that the fourth and fifth assignments of error do not pertain to the Crowes and thus we will consider these assignments of error separately. Our consideration of the Crowes' motion to dismiss is therefore limited to the first, second, third, and sixth assignments of error.

{¶ 18} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). This rule has been applied to real estate cases, including when a judgment was satisfied merely by the appellee recording the judgment. *See, e.g., Royal Fleet Auto Sales, L.L.C. v. Chambers*, 2019-Ohio-2236, ¶ 21 (8th Dist.), *Filip v. Wakefield Run*

8.

*Master Homeowners' Assn., Inc.*, 2018-Ohio-1171, ¶ 9-10 (9th Dist.). Tillimon could have preserved his appeal rights by obtaining a stay. However, "[i]f the party adversely affected by the judgment fails to obtain a stay of the judgment, the successful party to the judgment has the right to attempt to obtain a satisfaction of the judgment." *Royal Fleet Auto Sales, L.L.C.* at ¶ 19. "[I]f '"the successful party obtains a satisfaction of the judgment, any subsequent appeal must be dismissed because the issues raised in the appeal have become moot."'" *Id.*, quoting *Cleveland v. Embassy Realty Invests., Inc.*, 2018-Ohio-4335, ¶ 20 (8th Dist.).

{¶ 19} "Civ.R. 62(B) sets forth how an appellant obtains from the trial court a stay of judgment pending appeal. It states:

> When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court."

*State ex rel. Hunter v. Goldberg*, 2024-Ohio-4970. Here the trial court required bond to be posted by June 17, 2024. However, Tillimon did not post a supersedeas bond and thus, was not entitled to a stay of the judgment. "Until and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same." *State, ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 4 (1983).

{¶ 20} Upon review, we find that the judgment appealed has been satisfied. The docket establishes that the amount the court determined to be owed by the Crowes was deposited into the clerk of court, as required by the judgment entry. Further, the property

9.

has been transferred to the Crowes. As the judgment has been satisfied, we find Tillimon's first, second, third, and sixth assignments of error are moot[4] and grant the Crowes' motion to dismiss. Tillimon's motion to strike is denied.

{¶ 21} We therefore dismiss Tillimon's appeal as it pertains to the Crowes. We will now consider his unrelated assignments of error.

*Unrelated Assignments of Error*

{¶ 22} Tillimon's fourth assignment of error relates to his "cross claim" against the Crowes' trial attorney, Nolan, which alleges violations of Civ.R. 11 and R.C. 2323.51. Tillimon filed a motion for default when Nolan did not respond. The motion for default was denied. The court explained that "Attorney Nolan represents Plaintiffs in this matter and is not a party to the case. Recognizing that Attorney Nolan is not a party, the Clerk noted [on] the court docket on April 11, 2023[,] that it is unable to serve Attorney Nolan …" The court then concluded that it "is unable to grant judgment against a nonparty that was not subject to service of process." In his brief, Tillimon argues that Nolan was served with a copy of the document and that the trial court "erred when it decided in its Opinion and Order dated June 23, 2023, and journalized June 24, 2023, that … Nolan had not been served because the Opinion and Order is against the manifest weight of the evidence that attorney Nolan received the pleading." Based on this, Tillimon asserts that the Motion for Default should have been granted. However,

---

[4] Tillimon's sixth assignment of error alleges a procedural error related to the underlying judgment. Since we find the judgment was satisfied, this assigned error is rendered moot.

10.

Tillimon did not appeal the order journalized June 24, 2023. Pursuant to App.R. 3(D), our jurisdiction is limited to considering only those assignments of error related to the judgment appealed from. *Rigo v. Liberty Mut. Group, Inc.*, 2023-Ohio-1033, ¶ 23 (8th Dist.), citing *State v. Nelson*, 2011-Ohio-326, ¶ 10 (8th Dist.). Therefore, we do not have jurisdiction to consider this assignment of error.

{¶ 23} The second unrelated assignment of error, the fifth assignment of error, pertains to the amount the State was owed by Tillimon. Tillimon contends that the trial court's conclusion that the State was owed $34,436.46 was against the manifest weight of the evidence as the State did not testify at the hearing. We find this argument to be without merit. The amount owed to the State was based upon a judgment lien, which was before the court and is part of the trial court record. Additionally, a title agent testified at the hearing as to the amount of the judgment lien, which was in excess of the amount at issue here. Tillimon did not present any evidence disputing the amount of the lien or establishing any payments made.

{¶ 24} For these reasons, we find Tillimon's fourth and fifth assignments of error not well-taken.

## Conclusion

{¶ 25} We hereby grant the Crowes' motion to dismiss as it relates to Tillimon's first, second, third, and sixth assignments of error. We also dismiss Tillimon's fourth assignment of error as we do not have jurisdiction to consider it. With regard to

11.

Tillimon's fifth assignment of error, we affirm the decision of the Lucas County Court of Common Pleas.

**{¶ 26}** Pursuant to App.R. 24, Tillimon is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.

_____

Charles E. Sulek, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.