[Cite as *Sutton v. Scarborough*, 2025-Ohio-4690.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ian R. Sutton

    Appellant

v.

Tammy Scarborough, et al.,

    Appellees

Court of Appeals No. L-25-00005

Trial Court No. CI0202401431

**DECISION AND JUDGMENT**

Decided: October 10, 2025

* * * * *

Ian R. Sutton, appellant, pro se.

J. Mark Trimble, Esq., and Steven E. House, attorneys for appellee,
State Farm Mutual Automobile Insurance Co.

Johnathan Angarola, Esq., attorney for appellee, Tammy Scarborough.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Ian Sutton, from the

December 16, 2024 judgment of the Lucas County Common Pleas Court. For the reasons

that follow, we affirm the judgment of the trial court.

{¶ 2} Sutton asserts the following assignments of error:[1]

1. The Trial Court Erred in Granting Summary Judgment Despite Genuine Issues of Material Fact[.]

2. The Trial Court Erred in Holding That Plaintiff-Appellant's Direct Action Against State Farm Is Prohibited[.]

3. The Appeals Court May Abuse its Discretion by Granting Defendants-Appellees' Untimely Motions While Plaintiff-Appellant's Request for an Extension is Currently Pending[.]

4. The Trial Court Erred by Failing to Address Plaintiff-Appellant's Motions Regarding Procedural and Ethical Violations[.]

5. The Trial Court Erred in Granting Summary Judgment Despite Plaintiff-Appellant's Submission of Evidence Demonstrating Defendants' Liability[.]

6. The Trial Court Erred by Failing to Consider Plaintiff-Appellant's Submitted Evidence and Allowing Defendants to Misrepresent Facts[.]

7. The Trial Court Erred by Allowing Defendants-Appellees to Coerce Plaintiff-Appellant' into Providing False Testimony[.]

8. The Appeals Court May Err by Accepting Defendants-Appellees' Late Filings Without Proper Motions for Extension[.]

9. The Trial Court Erred in Treating Improperly Served Requests for Admissions as Admitted, Despite Civ.R. 5(B) (2)(f) Requiring Consent for Electronic Service.

10. The Trial Court Violated Due Process by Ignoring Critical Evidence Submitted with Plaintiff-Appellant's Complaint and Failing to Consider Material Facts.

---

[1] Sutton sets forth different assignments of error in the statement of assignments of error and the body of his brief. We set forth those that appear in the body of the brief.

2.

11. The Trial Court Improperly Dismissed Plaintiff-Appellant's Bad Faith Claim Against State Farm Despite Evidence of Improper Settlement Practices.

12. Defendants-Appellees Committed Perjury and Misrepresented Facts, yet The Trial Court Failed to Address these Material Misrepresentations.

## Background

{¶ 3} On May 30, 2022, an automobile accident occurred on Talmadge Road, in Toledo, Ohio between Sutton's vehicle and a vehicle driven by appellee, Tammy Scarborough. At the time, Scarborough was insured by appellee, State Farm Mutual Automobile Insurance Company ("State Farm").

{¶ 4} On February 12, 2024, Sutton filed a pro se complaint against Scarborough and State Farm in which he alleged a negligence claim against Scarborough, he asserted a direct action against State Farm seeking underinsured motorist coverage ("UIM") benefits and medical payments under Scarborough's policy, and he asserted a bad faith claim against State Farm for failing to settle his injury claim. Attached to Sutton's complaint were numerous documents including medical records and pictures.

{¶ 5} On February 22, 2024, Sutton filed a "Request for Relief" in which he claimed he was also entitled to recover under Scarborough's State Farm umbrella policy. On March 21, 2024, the trial court issued an order in which it deemed Sutton's "Request for Relief" to be an amended complaint and granted Scarborough and State Farm 28 days to file an answer to the amended complaint.

3.

{¶ 6} On March 28, 2024, Sutton filed a motion for default judgment. On April 1, 2024, State Farm filed a motion for leave to file its answer. On April 8, 2024, Scarborough filed an opposition to the motion for default, along with her answer. On April 15, 2024, State Farm filed a motion for relief from default judgment, although no default judgment had been entered. On April 19, 2024, Sutton filed a response. On May 2, 2024, the trial court denied Sutton's motion for default, finding, inter alia, excusable neglect on State Farm's part. Also on that day, the court granted State Farm's motion for leave, giving State Farm two weeks to file its answer, and the court denied State Farm's motion for relief from default as moot. On May 8, 2024, State Farm filed its answer.

{¶ 7} On July 15, 2024, Scarborough filed a notice of service of requests for admissions on Sutton, via email and regular U.S. mail. The requests for admissions were for Sutton to admit: (1) he was negligent in the accident; (2) Scarborough was not negligent in the accident; (3) he was not injured in the accident; (4) he had no medical treatment proximately caused by the accident, and (5) any medical treatment proximately caused by the accident was due to his own negligence.

{¶ 8} On August 16, 2024, Sutton filed a motion requesting the case be reassigned to a different judge, and on August 27, 2024, the trial court denied the motion.

{¶ 9} On August 30, 2024, Sutton filed a "General Response to the Court's Order Dated August 27, 2024," in which he asserted he had filed a grievance against the trial judge with the Ohio Supreme Court and requested the trial judge to recuse himself. On September 6, 2024, the trial court denied the motion, and on September 12, 2024, Sutton

4.

filed a "Response," requesting reconsideration of the recusal request. Sutton also filed a mandamus action in this court, seeking the removal of the trial judge. On September 27, 2024, this court dismissed Sutton's mandamus action. On October 1, 2024, the trial court denied Sutton's latest request for recusal.

{¶ 10} On October 3, 2024, Sutton filed with the Ohio Supreme Court an affidavit of disqualification of the trial judge, and on October 15, 2024, it was denied by the Ohio Supreme Court. In the interim, on October 14, 2024, State Farm filed with the trial court a motion to dismiss, or, in the alternative, a motion for summary judgment. State Farm argued Sutton filed an impermissible UIM action against it, as Sutton did not have UIM coverage with State Farm nor did Sutton obtain a judgment against Scarborough. State Farm also argued a third-party has no cause of action for bad faith, as an insurer's duty to act in good faith runs only to the insured.

{¶ 11} On October 18, 2024, Sutton filed another affidavit of disqualification of the trial judge with the Ohio Supreme Court, raising one new allegation. On October 28, 2024, the Ohio Supreme Court denied Sutton's second affidavit of disqualification of the trial judge and found the case shall proceed before the trial judge.

{¶ 12} On October 31, 2024, Scarborough filed with the trial court a motion for summary judgment in which she argued that there was no evidence that she was negligent in the accident, and the only record evidence was her requests for admissions, to which Sutton did not respond, where he admitted he was negligent, and she was not.

5.

Scarborough also argued Sutton presented no medical expert reports to prove proximate causation.

{¶ 13} On November 5, 2024, the trial court issued an order advising the parties that the trial court matter would proceed, and making the parties aware that deadlines for opposition and reply briefs to the motion to dismiss and motion for summary judgment were not extended.

{¶ 14} On December 17, 2024, the trial court issued its opinion and judgment entry in which it granted the motions for summary judgment, noting that Sutton failed to file an opposition to either motion or request an extension of time to do so. As to Scarborough's motion, the court found Sutton failed to respond to her requests for admissions and therefore was deemed to have admitted the collision was caused solely by his negligence and he sustained no injuries as a result of the collision. As to State Farm's motion for summary judgment, the court found an injured party cannot directly sue a tortfeasor's insurer until the injured party obtained a judgment for damages against the insured, and the insurer failed to pay within 30 days. The trial court dismissed Sutton's complaint. Sutton appealed the trial court's decision granting the summary judgment motions.

## Assignments of Error 3, 4, 7, 8 and 12

{¶ 15} We will first examine these errors assigned by Sutton.

6.

**Third Assignment of Error**

{¶ 16} Sutton argues this court may show signs of judicial abuse of discretion if it allows appellees to file untimely responses without any motion for extension or leave, or the court decides to deny his request for an extension to file his brief, and the court allows appellees to attack his procedural timeline, while failing to address their own violations. Sutton cites to App.R. 11.1 (concerning the accelerated calendar) and 6th Dist.Loc.R. 5(A) (concerning appeals by leave of court in criminal cases).

**Fourth Assignment of Error**

{¶ 17} Sutton argues the trial court failed to address several critical motions he filed "including those concerning the exposure of personal information, the judge's conflict of interest, and the defendants' procedural defaults. This oversight constitutes a violation of Plaintiff-Appellant's due process rights."

**Seventh Assignment of Error**

{¶ 18} Sutton argues Scarborough's attorney attempted to coerce him "into committing perjury by insisting that he answer questions suggesting . . . Scarborough was not negligent, despite clear evidence to the contrary." Sutton asserts he "expressed discomfort with this line of questioning, which invaded his privacy and sought to elicit false testimony. The trial court's failure to address this unethical conduct constitutes a violation of [his] rights."

7.

**Eighth Assignment of Error**

{¶ 19} Sutton argues Scarborough's attorney failed to submit a motion for an extension to file his brief or a motion for leave to submit his brief out of time but "the trial court accepted his late filings without the proper motions, while [his] request for an extension was neither granted nor denied . . ."

**Twelfth Assignment of Error**

{¶ 20} Sutton argues appellees engaged in multiple instances of perjury and factual misrepresentation including Scarborough providing false information about her address to law enforcement, State Farm knowingly misrepresented settlement discussions, falsely claiming that Sutton failed to cooperate and Scarborough's counsel knowingly submitted filings with incorrect facts regarding the timeline of responses and procedural compliance. Sutton insists the trial court failed to acknowledge or address these material misrepresentations and held him to a stricter procedural standard, and this disparate treatment constitutes a clear abuse of discretion and violates fundamental fairness principles under Ohio law. Sutton cites *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Elections*, 2002-Ohio-2164.[2]

## Law and Analysis

{¶ 21} App.R. 3(D) provides, in relevant part, that "[t]he notice of appeal shall . . . designate the judgment, order or part thereof appealed from . . ." Pursuant to this rule,

---

[2] This citation is not correct.

"our jurisdiction is limited to considering only those assignments of error related to the judgment appealed from." *Crowe v. Tillimon*, 2024-Ohio-6053, ¶ 22 (6th Dist.).

{¶ 22} Upon review, the foregoing assignments of error are not related to the December 16, 2024 trial court judgment, from which Sutton appealed, granting summary judgment to State Farm and Scarborough. Accordingly, we do not have jurisdiction to address assignments of error 3, 4, 7, 8 and 12.

## Remaining Assignments of Error

{¶ 23} We will continue our examination of Sutton's assigned errors, which relate or appear to relate to the December 16, 2024 judgment.

## Sixth Assignment of Error

{¶ 24} Sutton argues he submitted evidence during the trial, "including audio and video recordings, which were resubmitted on more compatible devices (USB Flash Drive) . . . [which] clearly demonstrated . . . [a]ppellees' negligence, liability, disrespect and unprofessionalism towards [him], constant lying and incompetence that State Farm displayed throughout settlement negotiations prior to trial for back injuries. However, the trial court failed to consider any of this detrimental evidence, allowing . . . [a]ppellees to misrepresent facts and claim no negligence, despite recorded admissions of fault."

## Law and Analysis

{¶ 25} "The appellant has the burden on appeal. *See* App.R. 16(A)(7)." *Aquatic Renovations Systems, Inc. v. Village of Walbridge*, 2018-Ohio-1430, ¶ 39 (6th Dist.). "'It is the duty of the appellant, not this court, to demonstrate his assigned error through an

9.

argument that is supported by citations to legal authority and facts in the record.'" *Id.*, quoting *State v. Taylor*, 1999 WL 61619, *3 (9th Dist. Feb. 9, 1999). *See also Speller v. Toledo Pub. Schools Bd. of Edn.*, 2017-Ohio-7994, ¶ 56 (6th Dist.).

{¶ 26} Upon review, Sutton cites no legal authority in support of this assigned error. Since Sutton did not satisfy his burden on appeal to prove his assigned error through an argument supported by case law, rules or statutes, we find Sutton's sixth assignment of error not well-taken.

## Assignments of Error 1, 2 and 11

**First Assignment of Error with Respect to State Farm**

{¶ 27} Sutton argues the trial court erred in granting summary judgment when genuine issues of material fact existed regarding State Farm's refusal to honor UIM benefits to which Sutton was entitled under Scarborough's policy and State Farm's bad-faith handling of Sutton's claims, including "lowball settlement offers, stalling tactics,[]and a refusal to arbitrate despite prior representations . . ."

**Second Assignment of Error**

{¶ 28} Sutton argues the trial court improperly dismissed his direct claims against State Farm despite existing Ohio law that permits such claims when an insurer improperly refuses to provide coverage. Sutton asserts that State Farm "defaulted on its obligation to respond timely, received notice of the complaint, and acknowledged receipt of the complaint. Yet instead of promptly evaluating the claim, State Farm engaged in stalling tactics,[]including refusing arbitration after previously agreeing to it. State

10.

Farm's conduct amounts to bad faith . . . "  Sutton cites to *Buehrer v. Meyers*, 50 Ohio App.2d 100 (6th Dist. 1976)[3] and *Olthaus v. Niesen*, 2024-Ohio-1953 (1st Dist.).[4]

**Eleventh Assignment of Error**

{¶ 29} Sutton argues that under Ohio law, an insurer has a duty to act in good faith when handling claims from insured parties and third parties.  He cites to *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276 (1983).  He submits the trial court improperly dismissed his bad faith claim against State Farm despite clear evidence that "State Farm engaged in stalling tactics to avoid settling the injury claim[,] State Farm knowingly offered inadequate settlement amounts despite medical evidence proving the extent of [his] injuries[,] [and] State Farm misrepresented its willingness to negotiate in good faith, misleading [him] about the availability of a fair settlement."  Sutton also cites to *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 554 (1994).

**Standard of Review - Summary Judgment**

{¶ 30} An appellate court reviews summary judgment de novo, using the same standard as the trial court.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The court can only grant a motion for summary judgment when the moving party shows (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to

---

[3] This citation is incorrect.

[4] No paragraph number is provided by Sutton, in violation of Sixth Dist.Loc.R. 10(C), which states that "[c]ase citations . . . must include the volume and page number of the case, and the particular page or paragraph number where the point of law is found."

11.

judgment as a matter of law; and (3) reasonable minds can come to one conclusion, which is adverse to the nonmoving party, who has the evidence construed most strongly in his or her favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

**Law and Analysis**

{¶ 31} In his complaint against State Farm, Sutton asserted a direct claim seeking UIM benefits and medical payments under Scarborough's policy and a bad faith claim for failing to settle his injury claim.

**Direct Claims Against Insurer by Third-Party**

{¶ 32} R.C. 3929.06(B) prohibits a third-party from commencing a civil action against the insurer of an insured/alleged tortfeasor until the third-party has obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days. *See W. Broad Chiropractic v. Am. Family Ins.*, 2009-Ohio-3506, ¶ 28.

**UIM Coverage**

{¶ 33} R.C. 3937.18(D) states, with respect to UIM coverage, that "an **insured** shall be required to prove all elements of the **insured's** claim that are necessary to recover from the owner or operator of the . . . underinsured motor vehicle." (Emphasis added.)

**Bad Faith**

{¶ 34} In *Hoskins*, 6 Ohio St.3d at 275, the Supreme Court of Ohio set forth that "[i]t is well established in Ohio that an insurer has a duty to act in good faith in the

12.

settlement of a third-party claim." The court ruled that "a breach of good faith in evaluating offers of settlement can render the insurer liable for the entire judgment **against the insured**, although that judgment exceeds the amount of liability named in the policy. . . [T]he liability [of the insurer] arises from the breach of the positive legal duty imposed by law due to the relationships of the parties. . . This legal duty is the duty imposed upon the insurer to act in good faith and its bad faith refusal to settle a claim is a breach of that duty and imposes liability sounding in tort." (Emphasis added.) *Id.* at 276. The court held that "[i]n order to recover for the excess liability, **the insured** has the burden to show that the refusal to settle was not made in good faith." (Emphasis added.) *Id.*

{¶ 35} The *Hoskins* court cited *Hart v. Republic Mut. Ins. Co.*, 152 Ohio St. 185 (1949), a case involving an insurer's refusal to settle a claim within the limits of its liability which led to a judgment against the insured in excess of the insurer's coverage. *Hoskins* at 275. The *Hart* court held:

> 1. A liability insurance company which reserves the right to settle, as it deems expedient, any claim against its insured is not liable to the insured for negligence in settling or refusing to settle such a claim.

> 2. Such company is liable to respond in damages **to its insured** if it fails to act in good faith with respect to the settlement of such a claim. (Emphasis added.)

*Id.* at paragraphs one and two of the syllabus.

{¶ 36} Here, upon review, it is clear that Ohio law does not permit a third-party to directly sue an insurance company, of which the third-party is not an insured, unless the

third-party first obtained a judgment against a tortfeasor. Since there is no evidence in the record that Sutton is an insured under the State Farm policy issued to Scarborough, nor is there evidence that Scarborough is a tortfeasor or that Sutton obtained a judgment against Scarborough, we find the trial court did not err in granting summary judgment to State Farm on Sutton's causes of action against State Farm. We further find the trial court properly dismissed Sutton's direct claims and bad faith claim against State Farm. Accordingly, we find Sutton's first assignment of error as to State Farm, as well as his second and eleventh assignments of error not well-taken.

## Ninth Assignment of Error

{¶ 37} Sutton argues that under Civ.R. 5(B)(2)(f), electronic service (such as email) is only valid if the receiving party has consented in writing, but he never consented to electronic service. Sutton contends that despite this, he was improperly served with requests for admissions via email, and the trial court erroneously deemed them admitted due to his alleged failure to respond. Sutton submits this ruling is in direct violation of Civ.R. 36(A)(1). Sutton cites to *JP Morgan Chase Bank N.A. v. Massey*, 2021-Ohio-1234, ¶ 116.

## Law and Analysis

{¶ 38} Civ.R. 5(B)(2)(f) provides in pertinent part that "[a] document is served under this rule by . . . sending it by electronic means to a[n] . . . e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served . . . but is not effective if the serving party learns that it did not reach the person served."

14.

**{¶ 39}** Civ.R. 5(B)(4) addresses proof of service and states:

The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.

**{¶ 40}** Civ.R. 11 states in relevant part that "[a] party who is not represented by an attorney shall sign, by electronic signature or by hand, the pleading, motion, or other document and state the party's address, a telephone number . . . and personal e-mail address, if any, for service by electronic means under Civ.R. 5(B)(2)(f)."

**{¶ 41}** Civ.R. 36(A) provides in pertinent part that

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) [(discovery)] set forth in the request, that relate to statements or opinions of fact or of the application of law to fact . . . The request may, without leave of court, be served upon the plaintiff after commencement of the action . . . Whenever feasible, the party serving the request for admission shall serve the request pursuant to Civ.R. 5(B)(2)(f) or (B)(3) on a shareable medium and in an editable format. If the party being served is unrepresented by counsel, the serving party also shall provide a paper copy of the request to the unrepresented party.

. . .

(1) Each matter of which an admission is requested shall be separately set forth. . . The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party . . .

15.

{¶ 42} Upon review, the record shows that Scarborough complied with Civ.R. 36(A)(1), as the record includes proof that she served Sutton with the requests for admissions via both email and regular mail.

## Assignments of Error 1, 5 and 10

### First Assignment of Error with Respect to Scarborough

{¶ 43} Sutton argues the trial court erred in granting summary judgment when genuine issues of material fact existed as to Scarborough's perjury regarding her address, which prevented proper service and created procedural confusion.

### Fifth Assignment of Error

{¶ 44} Sutton argues the trial court granted summary judgment in favor of appellees despite his submission of substantial evidence demonstrating liability, including "[m]edical records, medical bills, and expert testimony from note submission from doctors and specialists confirming that [he] sustained injuries as a direct result of the accident caused by . . . Scarborough." Also, "[v]ideo evidence shows . . . Scarborough at the scene of the crash and admitting fault and negligence at the scene of the crash[,] . . . [and] [a]udio recordings and [d]ocumentation proving that State Farm paid for the damages to . . . [a]ppellant[']s vehicle involved in the crash[.]" Sutton submits that the trial court's decision contradicts the principles established in *Harless*.

### Tenth Assignment of Error

{¶ 45} Sutton argues that due process under the Fourteenth Amendment to the U.S. Constitution and Article Section 16 of the Ohio Constitution requires that courts

16.

provide a full and fair opportunity to be heard and consider all relevant evidence before issuing a decision.  Sutton cites to *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Sutton asserts the trial court failed to uphold this fundamental right by ignoring material evidence he submitted with his complaint and motions, and "State Farm's own documentation and recorded conversations prov[e] bad faith negotiation tactics, stalling, and unprofessionalism."  Sutton further contends that medical records demonstrate his injuries directly resulted from the crash.

### Law and Analysis

{¶ 46} Civ.R. 36(B) sets forth the effect of admissions and states in pertinent part that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . ."

{¶ 47} Pursuant to Civ.R. 56(C), in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . .

{¶ 48} Requests for admission which go unanswered are the equivalent of written admissions for purposes of Civ.R. 56(C).  *Klesch v. Reid*, 95 Ohio App.3d 664, 675 (8th Dist. 1994).  Moreover, "because the matter admitted is conclusively established, it matters not that the same was denied or contradicted in the pleadings filed by the party making the admission."  *Cent. Ins. Co. v. Yeldell*, 2001 WL 1173178, *2 (2d Dist. Oct. 5,

2001), citing *Klesch*.  Thus, a party cannot challenge matters already conclusively established.  *Farah v. Chatman*, 2007-Ohio-697, ¶ 16 (10th Dist.).

**{¶ 49}** Here, based on the unanswered request for admissions, Sutton admitted: he was negligent in the accident; Scarborough was not negligent in the accident; he was not injured in the accident; he had no medical treatment proximately caused by the accident; and any medical treatment proximately caused by the accident was due to his own negligence.  As such, the trial court did not err in granting summary judgment to Scarborough and State Farm, and Sutton's assigned errors to the contrary must fail.  Accordingly, we find Sutton's first assignment error, as to Scarborough, not well-taken.  We further find Sutton's fifth and tenth assignments of error not well-taken.

### Conclusion

**{¶ 50}** Having found we do not have jurisdiction to hear Sutton's assigned errors, or his assignments of error are not well-taken, we affirm the December 16, 2024 judgment of the Lucas County Common Pleas Court.  Sutton is ordered to pay the costs of this appeal, pursuant to App.R. 24.  All pending motions are denied as moot.

Judgment affirmed.

18.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____

JUDGE

Myron C. Duhart, J.
_____

JUDGE

Charles E. Sulek, P.J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.